UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony J. Heppner,                                              Civil No. 09-2926 (PAM/JJK)

              Petitioner,

v.
                                                        **ORDER**

Warden Wendy J. Roal,

              Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated March 3, 2010. In the R&R, Magistrate Judge Keyes recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus and Motion for Judgment on the Pleadings.

Petitioner's primary contention is that the Second Chance Act of 2007 requires the Bureau of Prisons ("BOP") to give him a twelve-month placement in a Residential Reentry Center ("RRC"). The relevant language of the statute is as follows:

> The Director of the Bureau of Prisons shall, <u>to the extent practicable</u>, ensure that a prisoner serving a term of imprisonment spends <u>a portion of the final months</u> of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions <u>may include</u> a community correctional facility.

18 U.S.C. § 3624(c)(1) (emphases added).

The Second Chance Act grants the BOP discretion to determine whether to place an inmate in a RRC and, if so, for what length of time. It does not identify a minimum amount of time that a prisoner must spend at a RRC. So long as the BOP gives individual consideration to each inmate, see id. § 3624(c)(6)(B), its decision is not constrained in the way that Petitioner suggests. See Stewart v. Cruz, No. 08-4380, 2008 WL 3893600, at *2 (D. Minn. Aug. 20, 2008) (Judge Ann D. Montgomery) (explaining that the Second Chance Act gives the BOP the power to determine how much time, if any, a prisoner will spend at an RRC). Petitioner reads the language of 18 U.S.C. § 3624(c)(1) as mandating that the BOP assign him to a RRC. However, the language clearly leaves that decision within the BOP's discretion.

Petitioner also argues that his low "security point score," which indicates that he is not a custody or security risk, requires the BOP to transfer him to a RRC by virtue of program standard ("PS") 5100.08. PS 5100.08 is a BOP policy regarding prisoners' eligibility for community custody, and provides that an inmate of Petitioner's security point score "may be eligible for the least secure housing, including any which is outside the institution's perimeter." Again, Petitioner reads permissive language as mandatory. The BOP's discretion in determining the location and transfer of prisoners is granted by 18 U.S.C. § 3621(b); PS 5100.08 is the BOP's implementation of the discretion it derives from that statute.

2

The Court agrees with the reasoning and analysis of Magistrate Judge Keyes on both of Petitioner's arguments. Petitioner has failed to file objections to the R&R in the time period permitted. The Court therefore **ADOPTS** the R&R (Docket No. 22).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. Petitioner's Motion for Judgment on the Pleadings (Docket No. 8) is **DENIED**; and

3. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: Tuesday, March 30, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge